24

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

MAR 09 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JAMES H. GUAJARDO, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-99-012 |
| | § | |
| SOUTHWESTERN BELL | § | |
| TELEPHONE COMPANY, ET. AL, | § | |
| Defendant. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this Court is Defendant Southwestern Bell Telephone Company's ("The Company") Motion to Dismiss, or in the Alternative Motion for Summary Judgment. (Docket No. 10). Defendant Communications Workers of America ("CWA") also filed a Motion to Dismiss. (Docket No. 16). The Plaintiff, James H. Guajardo ("Mr. Guajardo"), did not file a Response to either of these Motions. For the reasons set forth below, Defendant Company's Motion for Summary Judgment should be granted.

### THE SUIT

Mr. Guajardo filed this suit on December 18, 1998 against the Company and his Union, CWA. However, Mr. Guajardo next filed a Motion to Dismiss CWA pursuant to Fed. R. Civ. P. 41 (a)(1)(i) on June 18, 1999. (Docket No. 20). Mr. Guajardo then amended his complaint for the third time and alleged the following causes of action against the Company only. (Docket No. 21). Mr. Guajardo contends that he was wrongfully terminated because he was the subject of disparate treatment, and that he was coerced into signing a written settlement agreement ("the agreement") by the Company. As of the current date, Mr. Guajardo maintains his only cause of action is against the Company.

The uncontested facts that give rise to the case are as follows. Mr. Guajardo was involved in an automobile accident during the course of his employment on February 23, 1996. As a result of the accident, he was suspended from his driving position with the Company. Mr. Guajardo entered into a written settlement agreement with the Company on August 2, 1996. During the course of the negotiation of this agreement, he was at all times represented by CWA. Mr. Guajardo could not follow through with the terms of the agreement and he was subsequently dismissed from the Company. He filed this suit a few months later.

## STANDARD OF REVIEW

If, on a motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6), matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and analyzed of pursuant to Fed. R. Civ. P. 56. In the present case, the Company attached to its brief several exhibits which were considered by the Court as evidence. Consequently, this motion should now be analyzed of under the summary judgment standard of review.

Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Ellison v. Connor*, 153 F.3d 247, 251 (5th Cir. 1998). Disputes concerning material facts are genuine "...if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue is "material" if it involves a fact that might affect the outcome of the suit under governing law. *Douglass*, 79 F.3d at 1429. Once the moving party presents the district court with a properly supported motion for summary judgment, the burden shifts

2

to the nonmoving party to show that summary judgment is inappropriate. *Morris v. Covan Worldwide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The nonmoving party may not rest upon the mere allegations or denials of its pleadings, and unsubstantiated or conclusory assertions that a fact issue exists will not suffice. *Anderson,* 477 U.S. at 256. The nonmoving party must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Eastman Kodak v. Image Technical Services,* 504 U.S. 451, 456-58 (1992). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). See also *Burge v. Parish of St. Tammany*, 187 F.3d. 452 (5th Cir. 1999).

## DISCUSSION AND RECOMMENDATION

I. Wrongful Termination

Mr. Guajardo alleges in his Third Amended Complaint that he was the subject of disparate treatment and was therefore wrongfully terminated by the Company. Because Mr. Guajardo failed to file a Response to the Company's Motion to Dismiss, the Court construed this cause of action as one under Title VII 42 U.S.C. 2000e-2 et.seq. based on the facts alleged in his final pleading (the Third Amended Complaint, Docket No. 21). Mr. Guajardo states in his complaint, "As a result of disparate treatment, Plaintiff was caused to suffer injuries and damages for which he now sues Defendant, Southwestern Bell Telephone Company."

In order for Mr. Guajardo to seek a remedy under Title VII, he must have first filed a complaint with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the

3

alleged unlawful employment practice. 42 U.S.C. § 2000e-5. If this complaint is not timely filed, then Plaintiff's Title VII claims are barred by the statute. *Scarlett v. Seaboard Coast Line Railroad Co.*, 676 F.2d 1043 (5th Cir. 1982). Since, Mr. Guajardo never filed a complaint with the EEOC his Title VII claims are barred. *See* "Exhibit B of Defendant's Motion to Dismiss" (Docket No. 10); affidavit by Esther Herrera, the Enforcement Manager and Custodian of Record for the EEOC from the San Antonio district office, stating that Mr. Guajardo never filed a charge of employment discrimination against the Company or CWA.

However, once the Court determines that a Plaintiff has failed to timely file his charge, it becomes necessary to determine whether the facts of the case justify equitable tolling of the filing requirement. According to the Fifth Circuit in *Wilson v. Secretary, Department of Veteran Affairs*, 65 F. 3d 402, 404 (1995), the following three reasons would justify tolling: 1. pendency of suit between same parties in wrong forum, 2. employee's unawareness of the facts giving rise to a claim because of employer's intentional concealment of them, and 3. the EEOC's misleading the allegedly injured employee about the nature of her rights. The facts of the case at hand do not lend themselves to any of the above exceptions, thus equitable tolling is not appropriate in this case.

II. Dispute Over the Agreement

Mr. Guajardo alleges that he was coerced into signing the agreement by the Company because the Company knew or had reason to know that he could not comply with the terms of the agreement. Here again, the Court has attempted to glean a cause of action out of the facts alleged in the Third Amended Complaint because Mr. Guajardo did not submit a Response Brief. The only conceivable federal claim Mr. Guajardo has is one under 42 U.S.C. § 1981 as this statute serves to protect the right to make and enforce contracts without discrimination.

4

Claims brought under § 1981 are subject to a two year statute of limitations. *Price v. Digital Equip. Corp.*, 846 F 2d. 1026, 1028 (5th Cir. 1988). Since Mr. Guajardo signed the agreement in August of 1996, but did not file this case until December 1998, Mr. Guajardo claim is time barred by the two year statute of limitation.

III. State Law Analysis

In the event the Court were to analyze Mr. Guajardo's claims under Texas state law, he would still not have a legitimate cause of action for wrongful termination against the Company. According to the Court in *Medina v. Lanabi Inc.*, 855 S.W.2d 161 (Tex. App.-Houston 1993, no pet.), there is only one judicially created exception to the employment-at-will doctrine.[1] This exception provides a cause of action for wrongful termination if an employer requests an employee to perform an illegal act of which criminal penalty is attached. *Id.* Since it is clear that the facts of the case at hand do not fit this judicial exception, Mr. Guajardo is precluded from bringing a cause of action against the Company for wrongful termination.

Because Mr. Guajardo does not have a cause of action under either federal or state law it is **RECOMMENDED** that the Defendant's Motion for Summary Judgment be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided

---

[1] The following are the statutory exceptions to this doctrine: discharge for filing a worker's compensation claim, discharge based on union membership or nonmembership, discharge because of active duty in the State Military forces, and discharge because of jury service. *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 734 (Tex. 1985). Since Mr. Guajardo did not plead facts which would support any of these exceptions, he cannot pursue a cause of action for wrongful termination by the Company based on any statutory exceptions.

5

that the party has been served with notice that such consequences will result from a failure to object.

*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 8th day of March, 2000

_____
John Wm. Black
United States Magistrate Judge

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAMES H. GUAJARDO, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-99-12 |
| | § | |
| SOUTHWESTERN BELL | § | |
| TELEPHONE COMPANY, | § | |
| | § | |
|     Defendant. | § | |

## ORDER

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of January 10, 2000 should be **ADOPTED.**

IT IS ORDERED that the Defendant's Motion for Summary Judgment be **GRANTED**.

DONE at Brownsville, Texas this _____ day of _____, 2000.

                                                _____
                                                      Filemon B. Vela
                                            United States District Court Judge

ClibPDF - www.fastio.com